UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS VIZHCO CHUNCHI,<br><br>                              Petitioner,<br><br>-against-<br><br>LADEON FRANCIS, New York Field Office Director for U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, United States Attorney General; and the U.S. DEPARTMENT OF HOMELAND SECURITY<br><br>                             Respondents. | **OPINION & ORDER**<br>25-cv-10249 (ER) |

RAMOS, D.J.:

      Carlos Vizhco Chunchi filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 10, 2025. Doc. 1. The petition challenges his detention by the U.S. Immigration and Customs Enforcement ("ICE") pursuant to 8 USC § 1225(b) and seeks to enforce his rights as a member of the nationwide bond eligible class certified in *Bautista v. Santacruz*, No. 25-cv-01873 (SSS) (BFM), 2025 WL 3288403 (C.D. Cal. December 18, 2025). *Id*. ¶¶ 1–2. Specifically, Vizhco Chunchi seeks a writ of habeas corpus requiring his immediate release or providing him with a bond hearing pursuant to § 1226(a) within seven days. *Id*. ¶ 10.

      For the reasons set forth below, the petition is GRANTED in part and DENIED in part.

I.    **BACKGROUND**

      **A. Factual Background**

      Vizhco Chunchi is a 29-year-old native and citizen of Ecuador. Doc. 1-1. He was intercepted and taken into custody by U.S. Border Patrol in or near Conroe, Texas on

December 10, 2012.  *Id.*; Doc. 4 at 2 n.1.  He was served a Notice to Appear ("NTA") on December 13, 2012.  Doc. 1-1.  The NTA charged that Vizhco Chunchi was subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  *Id*.  At the time, Vizhco Chunchi was 16-year-old and thus an unaccompanied alien child.  Doc. 4 at 2 n.1.  He was eventually released from custody on a bond.  *Id.*; *see* Doc. 4 at 1 (the government arguing that ICE's detention authority alternatively arises from § 1226(a) due to Vizhco Chunchi's violation of his bond conditions).  A merit hearing for Vizhco Chunchi's asylum application is scheduled for July 13, 2028.  Doc. 1 ¶ 5.

Vizhco Chunchi was arrested by ICE in Port Chester, New York on December 5, 2025 pursuant to 8 U.S.C. § 1225(b)(2)(A), Doc. 4 at 1, after ICE lodged a detainer against him based on his arrest by the Port Chester Police for criminal possession of controlled substance in the 7th degree, a misdemeanor.  *Id*. at 2.  Shortly prior to the December arrest, on October 7, 2025, Vizhco Chunchi was arrested for (i) criminal possession of controlled substance in the 3rd degree with intent to sell, a felony; and (ii) criminal possession of controlled substance in the 4th degree, a felony.  *Id*.  Previously, in 2024, Vizhco Chunchi was also arrested by the Port Chester Village Police and charged with robbery while using or threatening to use a dangerous instrument, criminal possession of a stolen credit card, and criminal possession of a weapon with intent to use.  *Id*. at 2 n.2.

B.  **Procedural History**

Vizhco Chunchi was being held at 26 Federal Plaza when the instant petition was filed on December 10, 2025.  *Id*. at 1.  On December 12, the Court issued an order to answer, setting a briefing schedule and ordering the government provide information and refrain from transferring Petitioner out of this district.  Doc. 2.  The government filed a

letter with the Court on December 16, 2025. Doc. 4. In the letter, among other things, the government answered question (1)(e) in the December 12 order—"whether there is any basis to distinguish this case from *Liu v. Almodovar et al.*, 25-cv-9256 (S.D.N.Y. December 2, 2025)."[1] *Id*. at 2–3. Specifically, the government acknowledged that the Court's decision in *Liu* would control the resolution of the principal legal issue in the present petition—whether the Petitioner's detention is governed by 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2)(A), if the Court adheres to that decision. *Id*. at 2. But the government argues that unlike the petitioner in *Liu*, Vizhco Chunchi should be granted a bond hearing instead of immediate release because of his criminal history. *Id*. at 2–3.

On December 16, on consent, the government moved to extend the deadline to respond to the petition from December 17 to December 23 and accordingly adjust the deadline for Vizhco Chunchi to reply from December 29 to January 5, 2026. Doc. 5. The Court granted the extension. Doc. 6. On December 19, the government wrote to inform the Court that they intend to incorporate their December 16 response to question (1)(e) as their response to the *habeas* petition itself.[2] Doc. 7. As of the date of this opinion, no reply has been filed by Vizhco Chunchi.

## II.   LEGAL STANDARD

Vizhco Chunchi brings his petition pursuant to 28 U.S.C. § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v.*

---

[1] In *Liu*, the petitioner, who entered the U.S. unlawfully and has resided in the country for three years pending his asylum application, was arrested by ICE during a scheduled check-in. He filed a petition to challenge his detention, arguing that he is subject to discretionary detention under 8 U.S.C. § 1226(a), instead of mandatory detention under § 1225(b), and that the detention is a violation of due process. The Court granted his petition and ordered his immediate release, holding that exhaustion of administrative remedies is excused. *Liu*, No. 25-cv-9256 (ER), 2025 WL 3458633, at *5–6.

[2] Specifically, in the response to question (1)(e), the government acknowledges that the Court's decision in *Liu* would control the resolution of the principal legal issue in the present petition—whether the Petitioner's detention is governed by 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2)(A), if the Court adheres to that decision. *Id*. at 2. But the government argues that unlike the petitioner in *Liu*, Chunchi should be granted a bond hearing instead of immediate release because of his criminal history. *Id*. at 2–3.

*Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Noncitizens are . . . entitled to challenge through habeas corpus the legality of their ongoing detention," including "the lawfulness of detention when it is first imposed." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020).

### III. DISCUSSION

#### A. ICE's Authority to Detain Vizhco Chunchi

Vizhco Chunchi argues that 8 U.S.C. § 1226(a), instead of 8 U.S.C. § 1225(b)(2)(A), applies to his detention. Doc. 1 ¶ 8. The government asserts that 8 U.S.C. § 1225(b)(2)(A) should govern. Doc. 4 at 1. But the government acknowledged that the "instant case is not materially distinguishable from the facts and legal issues presented in the Court's decision in *Liu*." *Id*. at 2. Thus, while the government "respectfully disagree[s] with the Court's decision in *Liu*, [they] acknowledge[] that . . . *Liu* would control the resolution of that legal issue in this case if the Court adheres to that decision." *Id*. The Court assumes the parties' familiarity with *Liu* and adopts the conclusion in *Liu* that the petitioner's detention is pursuant to 8 U.S.C. § 1226(a). A noncitizen detained pursuant to § 1226(a) is entitled to an individualized bond hearing at the outset of detention to redetermine the detention decision.[3] *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

#### B. Constitutional Due Process Violation

Vizhco Chunchi argues that the government violated constitutional due process by detaining him without notice or explanation. Doc. 1 ¶ 42–45. The Court disagrees.

Notice or opportunity to contest detention *prior to* arrest is not required in the present case. *O.F.C. v. Almodovar, et al.*, No. 25-cv-9816 (LJL), 2026 WL 74262, at *6–8

---

[3] Vizhco Chunchi also argues that he is entitled to a bond hearing because he is a member of the nationwide bond eligible class certified in *Bautista v. Santacruz*, 2025 WL 3288403. The class was defined, among other criteria, as noncitizens who "were not or will not be apprehended upon arrival." The parties dispute whether Vizhco Chunchi was "apprehended upon arrival" and accordingly, whether he is a member of the class. Doc. 1 ¶ 35; Doc. 4 at 3. The Court does not need to reach this issue today because in any event, Vizhco Chunchi is eligible for a bond redetermination hearing as a noncitizen detained pursuant to § 1226(a).

4

(S.D.N.Y. Jan. 9, 2026) (holding that neither § 1226(a) nor due process requires pre-detention notice or hearing for a petitioner detained pursuant to § 1226(a)); *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 494 (S.D.N.Y. 2025) (holding that the court does not require a "hearing-like process" before Department of Homeland Security may exercise its discretion to detain a noncitizen under § 1226(a)). The Department of Homeland Security ("DHS") has wide latitude in exercising its discretion pursuant to § 1226(a). In addition, prior to an order of removal, the release of an inadmissible alien may be revoked at any time at its discretion. 8 C.F.R. § 236.1(c)(9).

Discretion, however, must be exercised validly before DHS detains Vizhco Chunchi. 8 C.F.R. § 236.1(c)(9) (providing that release may be revoked in the discretion of an officer); *see also Lopez Benitez*, 795 F. Supp. 3d at 494 (holding that "§ 1226(a) requires a valid exercise of DHS's discretion."). But Vizhco Chunchi fails to meet his burden to demonstrate by a preponderance of the evidence that no such discretion was exercised. *See Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997) (holding that petitioners bear the burden of proving constitutional rights violations in federal habeas corpus petitions); *O.F.C.*, 2026 WL 74262, at *14 (holding that the petitioner bears the burden when challenging his detention pursuant to § 1226(a)).

The government argues that Vizhco Chunchi was targeted by ICE due to his criminal history. Doc. 4 at 2. According to the government, ICE lodged a detainer after Vizhco Chunchi was arrested by the Port Chester Police on December 5, 2025. *Id*. He was detained by ICE as he left his family residence on the same day he was released by the Port Chester Police.[4] *Id*.; Doc. 1 ¶ 4. The fact that ICE lodged a detainer against Vizhco Chunchi after his arrest by the police suggests that ICE engaged in individualized assessment before detaining him. *See Quinteros Moran v. Joyce*, No. 25-cv-9645 (GBD),

---

[4] Regarding his arrest, Vizhco Chunchi only alleges that he was detained while leaving his family's residence on December 5, 2025. Doc. 1 ¶ 4. His criminal history was not mentioned in the petition. Doc. 1.

5

2025 WL 3632895, at *4 (S.D.N.Y. Dec. 15, 2025) (holding that the fact that ICE lodged a detainer against petitioner after his arrest suggests that ICE may have made an individualized determination to revoke petitioner's bond pursuant to § 1226(a)); *see also O.F.C.*, 2026 WL 74262, at *14 (same); *cf. Rivera Esperanza v. Francis*, No. 25-cv-8727, 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025) (holding that DHS exercised no discretion in detaining the petitioner when there is no evidence suggesting any violation of the terms of petitioner's release and the petitioner was detained at a routine ICE check-in). Considering the facts above, and the paucity of evidence to the contrary, the Court concludes that Vizhco Chunchi has failed to meet his burden to show that ICE did not exercise valid discretion before detaining him.[5]

### C. Appropriate Relief

Vizhco Chunchi requests to be provided with a bond hearing pursuant to § 1226(a) within seven days, or, alternatively, his immediate release. Doc. 1 ¶ 10. The government argues that if the Court determines that Vizhco Chunchi's detention is subject to § 1226(a), a bond hearing is the appropriate relief considering that Vizhco Chunchi was specifically sought out by ICE due to his "extensive criminal history." Doc. 4 at 2. The Court believes that a bond hearing is the appropriate remedy here.

Courts in this district have held that a bond hearing, instead of outright release, is the appropriate remedy when petitioners fail to meet their burden to show that ICE did not make individualized assessment prior to the detention. *See, e.g., O.F.C.*, 2026 WL 74262, at *14; *see also Quinteros*, 2025 WL 3632895, at *4. Pursuant to § 1226(a), a noncitizen is entitled to a bond hearing at the outset of detention. *Jennings*, 583 U.S. at 306; 8 C.F.R. § 236.1(d)(1). At the hearing, the government bears the burden, by clear and convincing evidence, to show that the noncitizen is a danger to the community or a

---

[5] Vizhco Chunchi also argues that he has a due process right to seek bond. Doc. 1 ¶ 42–45. However, he does not make any argument regarding the violation of such right. Doc. 1.

flight risk. *See Velasco Lopez*, 978 F.3d at 855–56; *see also Romero v. Francis*, No. 25-cv-8112 (JGK), 2025 WL 3110459, at *3 (S.D.N.Y. Nov. 6, 2025).

## IV.    CONCLUSION

For the foregoing reasons, the petition is GRANTED in part and DENIED in part. The Government shall ensure that Vizhco Chunchi receives a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of this opinion; if no hearing is held by that deadline, the Government shall immediately release Vizhco Chunchi. The petition is DENIED insofar as it seeks immediate release.

It is SO ORDERED.

Dated:   January 30, 2026
         New York, New York

                                                     _____
                                                     EDGARDO RAMOS, U.S.D.J.